Robert C. McGuire v. Commissioner.
McGuire v. Commissioner
Docket No. 3560-64.
United States Tax Court
T.C. Memo 1965-231; 1965 Tax Ct. Memo LEXIS 99; 24 T.C.M. (CCH) 1174; T.C.M. (RIA) 65231; August 26, 1965
*99 Robert C. McGuire, pro se, 3966 Golf Dr., San Jose, Calif. Martin A. Schainbaum, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: The Commissioner determined a deficiency in petitioner's income tax for the taxable year 1962 in the amount of $163.19. One of the issues raised by the pleadings has been agreed to by the parties. The remaining issues for decision are: (1) Whether petitioner is entitled to deduct as an ordinary and necessary business expense the cost of maintaining and operating his automobile including depreciation thereon attributable to the use of his car in connection with the performance of his duties as an employee and (2) whether petitioner is entitled to deduct the expenses, including depreciation, for maintaining an "office" in his home for the performance of his duties as an employee. Findings of Fact Some of the facts have been stipulated, are so found, and the stipulations of facts, together with the exhibit attached thereto, are incorporated herein by this reference. Petitioner is an individual with his residence in San Jose, California. He filed a joint return with his wife, who is not a petitioner herein, *100 for the taxable year 1962 with the district director of internal revenue at San Francisco, California. During 1962, petitioner was employed by the Alum Rock Union School District as principal of the Mayfair Elementary School, Sunset and Kammerer Avenue, San Jose, California. In connection with his duties as principal, petitioner was required to use his personal automobile. Petitioner used his automobile in connection with the performance of his duties as principal a total of 2,923 miles during 1962. Petitioner's employer reimbursed employees at the rate of 10 cents per mile when an employee used his own automobile in the performance of his duties. Petitioner did not submit a voucher to his employer to seek reimbursement for the use of his automobile. This choice of petitioner, not to seek reimbursement, was voluntary on his part. Petitioner deducted on his 1962 return the sum of $394.30 representing the expenses of operating his automobile while performing his duties as principal. Of this sum, $102 represented depreciation while $292.30 represented 2,923 miles at 10 cents per mile. Respondent disallowed the entire deduction. Petitioner lived in a 6-room house. During 1962, petitioner *101 used a room in his home, referred to as a "den," for some of his official duties. As school principal, petitioner found it necessary to take work home on many occasions. This work consisted of administrative matters such as reports which petitioner, because of his heavy workload, could not accomplish during normal working hours. Petitioner also, as a Notary Public, would perform various notarial functions at home. He would also perform certain duties in connection with his participation in the parent-teacher association as well as other civic organizations to which he belonged. Petitioner had a file cabinet and typewriter in the "den." Petitioner deducted on his return for 1962 the sum of $191, representing the expenses, including depreciation, attributable to the keeping of an office in his home. In arriving at the amount of the deduction, petitioner took depreciation on his home, using a 30-year life and a cost of $12,500. The amount of depreciation petitioner took was one-sixth. He also took depreciation on the equipment in his "den" and one-sixth of the cost of his utilities. Respondent disallowed the entire deduction. Opinion Issue 1 - Automobile Expenses Petitioner argues *102 that although the School District, his employer, would have reimbursed him 10 cents per mile, this would not cover all of his expenses and therefore he should be entitled to the deduction claimed. We do not agree. Petitioner could have obtained reimbursement from the School District to the extent of 10 cents per mile for the use of his automobile on school business. By not seeking reimbursement, petitioner cannot change an ordinary and necessary business expense of his employer's into an ordinary and necessary expense of his own. 6, 1960), affirming a Memorandum Opinion of this Court; (C.A. 7, 1959), affirming a Memorandum Opinion of this Court. Furthermore, petitioner has failed to prove that the 10 cents per mile reimbursement would not have included an allowable part of the estimated share of depreciation. Accordingly, respondent's disallowance of the entire deduction claimed by petitioner for the use of his automobile is sustained. . Issue 2 - Expenses for Home Office Petitioner maintains that it was necessary for *103 him to set aside a place at his home to use as an office whereby he could perform some of his duties as school principal. Petitioner contends that an allowance of one-sixth of the cost of his utilities and one-sixth of the depreciation on his home plus the depreciation of his equipment used for his school duties is a proper deduction. While we agree and have so found that petitioner did use a room in his home as an "office," we are not in agreement with petitioner's claimed deduction. His own testimony, which was the only testimony at the trial of this case, clearly reveals that, at best, the "office" was used only 20 percent of the time on school matters. Accordingly, we hold that 20 percent of petitioner's claimed deduction is allowable as an ordinary and necessary business expense while the remainder is a nondeductible personal expense. ; (C.A. 2, 1930). Decision will be entered under Rule 50.